NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK O. RAWLINS,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>NEW JERSEY TRANSIT, et al.<br><br>　　　　　　　　Defendants. | Civil Action No. 2:08-cv-01574 (SDW) (MCA)<br><br><br>OPINION<br><br><br>December 17, 2010 |

**WIGENTON**, District Judge.

Before the Court is Defendants' Motion for Summary Judgment ("Motion") pursuant to Federal Rule of Civil Procedure 56. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **GRANTS** Defendants' Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Patrick O. Rawlins was a Commuter Bus Driver Trainee for New Jersey Transit ("NJ Transit") until his termination on May 9, 2007. (Defs.' Br. 1-4, Oct. 1, 2009.) NJ Transit's policy requires drivers to complete a training program before they are considered for a full-time position. (Defs.' Br. at 2.) As part of the training program, all trainees must satisfy the visual acuity test as per NJ Transit's published standard. *Id.*

In two instances, Plaintiff failed to meet NJ Transit's visual acuity standard. *Id.* Plaintiff questioned the quality of the machines and the training of the medical staff.

1

(Pl.'s Compl. at 2.)  Plaintiff was permitted to receive an eye exam from a physician not associated with NJ Transit. (Answer 2, May 20, 2008.) Plaintiff selected Dr. David R. Grossman in order to take an independent exam. (Pl.'s Compl. at 2.) Dr. Grossman filled out the NJ State Medical Examination Report form to verify Plaintiff's results. *Id.* Consequently, Plaintiff was admitted as a trainee. (Defs.' Br. at 3.)

Plaintiff alleges he was discriminated against by some of NJ Transit's employees because he was the only trainee required to submit to a post-offer evaluation. (Pl.'s Compl. at 2; Defs.' Answer at 3.) He also alleges he was the only student required to read from far distances and in poor lighting. (Pl.'s Compl. at 2.) When Plaintiff declined to submit to another eye exam, NJ Transit directed Plaintiff to receive an evaluation by an independent physician. *Id.* Plaintiff offered Dr. Grossman's evaluation for consideration. *Id.* at 3. Dr. Arthur Becan told Plaintiff he could comply with the evaluation or be terminated. (Pl.'s Compl. at 3; Defs.' Br. at 4.) Plaintiff did not comply and was subsequently terminated. *Id.*

Plaintiff filed his initial Complaint on March 31, 2008, against Defendants New Jersey Transit, Sandra Durrell, Richard R. Sarles, William Hemphill, Carl Pulaski[1], Constance Kelly, Oretega Vanderhoff, Arthur F. Becan, and Patrice Verner, as well as additional unnamed defendants. On July 2, 2008, Plaintiff submitted his Amended Complaint against all original Defendants claiming violations of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). The current motion for summary judgment was filed on behalf of all Defendants on May 5, 2010. Plaintiff's opposition was received on May 14, 2010.

---

[1] Plaintiff originally either misspelled or misstated the names of Defendants Pulaski, Kelly, and Vanderhoff. However, the names were corrected on the Amended Complaint.

**LEGAL STANDARD**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable jury could return a verdict for the nonmovant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party meets the initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). The court may not weigh the evidence and determine the truth of the matter but rather determine whether there is a genuine issue as to a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in a light most favorable to the nonmoving party. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobuik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005). "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . . ." *Celotex Corp. v. Catrett*, 477 U.S. at 324. A motion for summary judgment is meant to go beyond the

pleading and therefore "factual specificity is required of a party who opposes such a motion." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). Further the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Id.* If the nonmoving party "fails to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. at 323.

## DISCUSSION

### Title VII of the Civil Rights Act of 1964

Title VII of the Civil Rights Act of 1964 declares that it is unlawful for an employer:

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.
>
> [42 U.S.C. § 2000e-2(a).]

Disabled persons are not a protected class as required for a discrimination claim under Title VII. *See* 42 U.S.C. § 2000e-2(a); *see also Patterson v. AFSCME #??2456*, 320 Fed. Appx. 143, 147 (3d Cir. 2009). Therefore, summary judgment is appropriate as to any Title VII discrimination claims Plaintiff is asserting.

**American with Disabilities Act**

A plaintiff initiating a discrimination claim under the ADA, has the burden of presenting a prima facie case showing that: "(1) he was a qualified individual with a disability or who was regarded as having a disability; and (2) that he suffered an adverse employment action as a result of his disability or perceived disability." *Bjorklund v. Phila. Hous. Auth.*, 118 Fed. Appx. 624, 625-26 (3d Cir. 2004) (citing *Tice v. Centre Area Transp. Auth.*, 247 F.3d 506, 511-12 (3d Cir. 2001)). The ADA was designed to protect not only those who are actually disabled but also persons who are perceived as or "regarded as" disabled. *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 774 (3d Cir. 2004). Thus, an employer who commits a mistake that causes her "to perceive the employee as disabled within the meaning of the ADA, i.e., a mistake that leads the employer to think that the employee is substantially limited in a major life activity" will be held liable for discrimination under the ADA. *Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 192 (3d Cir. 1999).

The Third Circuit has defined "regarded as disabled" under the ADA as referring to someone who:

> (1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by the covered entity as constituting such limitation;
>
> (2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or
>
> (3) Has [no such impairment] but is treated by a covered entity as having a substantially limiting impairment.
>
> [*Eshelman v. Agere Sys.*, 554 F.3d 426, 434 (3d Cir. 2009) (quoting *Taylor v. Pathmark Stores, Inc.*, 177 F.3d at 187).]

Therefore, a plaintiff is "regarded as" disabled pursuant to the ADA "if a covered entity mistakenly believes that the person's actual, nonlimiting impairment substantially limits one or more major life activities." *Murphy v. Ups*, 527 U.S. 516, 522 (1999).

In the case before us, Rawlins has not claimed to be disabled but argues that his employment was terminated due to the fact that his supervisors perceived that he had a visual impairment. However, Plaintiff's employer did not treat him "as having a substantially limiting impairment." They simply requested that he undergo an examination to determine his visual acuity. The employer's questioning of Plaintiff's physical or mental health does not, by itself, establish that Plaintiff was "regarded as" being disabled. *See Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d at 776 n.20 (holding that "an offer of accommodation does not, by itself, establish that an employer 'regarded' an employee as disabled") (citing *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 938 (6th Cir. 2000) (stating that "[an employee] cannot show that this provision applies to him merely by pointing to that portion of the record in which his [employer] admitted that he was aware of [the employee's] medical restrictions and modified [the employee's] responsibilities based on them")). Plaintiff was terminated for not complying with NJ Transit's policy requiring him to submit to an eye exam.

Since Plaintiff cannot establish that "he was a qualified individual with a disability or who was regarded as having a disability" he cannot move forward with his ADA claims as a matter of law. He has failed to make a sufficient showing of the first element of his claim as he cannot establish support in the record for his assertions. Also, this Court will not address Plaintiff's claims for lack of accommodation and retaliation

6

under the ADA, since this Court finds that Plaintiff does not claim to be disabled and was not regarded as disabled by Defendants.

**CONCLUSION**

For the reasons stated above, Defendants' motion for summary judgment is **GRANTED.**

s/Susan D. Wigenton, U.S.D.J.

Orig:  Clerk
Cc:    Madeline Cox Arleo, U.S.M.J.
       Parties